**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>KEVIN C. FOUNTAIN<br>    DEBTOR | BANKRUPTCY NO. 21-12391<br><br>CHAPTER 13 |

**ORDER TO SELL REAL ESTATE LOCATED AT 2606 CUMBERLAND AVE, READING, PENNSYLVANIA 19606 FREE AND CLEAR OF LIENS AND ENCUMBRANCES AND TO PERMIT DISTRIBUTION OF SALE PROCEEDS**

AND NOW, upon consideration of the Debtor's Motion for Authority to Sell Real Estate located at 2606 Cumberland Ave, Reading, Pennsylvania 19606 Free and Clear of Liens and Encumbrances and to Permit Distribution of Sale Proceeds ("Motion"), and after notice and opportunity for hearing,

IT IS HEREBY ORDERED that the Debtor has satisfied this Court that the proposed sale is to a good faith purchaser for a fair and reasonable consideration that is in the best interest of the bankruptcy estate and that the Debtor is therefore authorized to sell, free and clear of all liens and encumbrances, the real property owned by the Debtor located at 2606 Cumberland Ave, Reading, Pennsylvania 19606 to Astrid Mayra Veras Payero and Matthew Joshua Toledo for the sum of $190,000.00 in accordance with terms and conditions as follows:

    A.    The sale price is $190,000.00 to be paid by the buyers, Astrid Mayra Veras Payero and Matthew Joshua Toledo.

    B.    Distribution is to be as follows and this order of distribution:

      i. All real estate taxes and other obligations owed by the Movants under the terms of the Agreement of Sale;
      ii. The usual and customary costs of settlement paid by sellers pertaining to the transfer of real estate in Berks County, Pennsylvania, including but not limited to the realty transfer tax, if any;
      iii. Payment of the secured claim of Rocket Mortgage, LLC f/k/a Quicken Loans f/k/a Quicken Loans Inc., Claim 7-1, in an amount sufficient to satisfy the full amount of its security interest as determined by a payoff amount to be provided by the mortgage holder prior to the date of closing, which Debtor shall request no less than seven (7) days prior to closing, but

      which is estimated not to exceed the claim amount of $119,069.30, secured creditors lien as referred to in this paragraph shall remain on the real property until such time that it is paid in full;

iv. The Broker's commission of 6% of the Purchase Price which will be split 50-50 between the Sellers' Broker agent and the Buyers' Broker agent;

v. The amount of $750.00 to be held by the title agency to pay Debtors' Counsel legal fees subject to Bankruptcy Court Approval;

vi. The Chapter 13 Trustee the remaining plan amount of $10,400.00;

vii. The remaining amount to the debtor.

      C.    Debtor's counsel hereby certifies that there are no secured creditors with liens on this real estate which will not be satisfied by the proceeds from the sale.

      IT IS FURTHER ORDERED that the Debtor provide the Chapter 13 Trustee with the HUD1 within ten (10) days of the closing.

BY THE COURT:

*Patricia M. Mayer*
_____

**Date: January 25, 2024**      Patricia M. Mayer
United States Bankruptcy Judge